# In the United States Court of Federal Claims

### OFFICE OF SPECIAL MASTERS
### No. 15-1154V
### Filed: April 12, 2016
Unpublished

* * * * * * * * * * * * * * * * * * * * * * * * * *

| | | |
|---|---|---|
| MAURICE HOSS, | * | |
| | * | |
| Petitioner, | * | Petitioner's Motion for a Dismissal |
| | * | Decision; Pneumovax 23 Vaccine; |
| v. | * | Vaccine Not Covered Under the |
| | * | Program; Vaccine Act Entitlement; |
| SECRETARY OF HEALTH AND | * | Shoulder Injury Related to Vaccine |
| HUMAN SERVICES, | * | Administration ("SIRVA"); Special |
| | * | Processing Unit ("SPU") |
| Respondent. | * | |
| | * | |

* * * * * * * * * * * * * * * * * * * * * * * * * *

*Curtis R. Webb, Twin Falls ID, for petitioner.*
*Traci R. Patton, U.S. Department of Justice, Washington, DC, for respondent.*

## DECISION [1]

**Dorsey**, Chief Special Master:

     On October 8, 2015, Maurice Hoss ("petitioner") filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq*.[2] (the "Vaccine Act" or "Program"). Petitioner alleged that he "received a trivalent influenza vaccination (Fluvirin 2012-2013) in his right shoulder on October 14, 2012 . . . [which] caused him to develop a Shoulder Injury Related to Vaccine Administration

---

[1] Because this unpublished decision contains a reasoned explanation for the action in this case, the undersigned intends to post it on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012)(Federal Management and Promotion of Electronic Government Services). In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, the undersigned agrees that the identified material fits within this definition, the undersigned will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

(SIRVA)."  Petition at ¶¶ 1-2.  The case was assigned to the Special Processing Unit of the Office of Special Masters.

On April 7, 2016, petitioner moved for a decision dismissing his petition, acknowledging that the evidence shows he received the trivalent influenza vaccination in his *left* arm and the Pneumovax 23 vaccination in his *right* arm where he sustained his injury.  Petitioner's Motion at 1 (ECF No. 17).  Petitioner further acknowledges that "[s]ince that vaccination is not covered by the National Vaccine Injury Compensation Program, the petitioner is not entitled to compensation from the Program."  *Id.* at 1-2.

Petitioner's motion is **GRANTED,** and his claim is hereby **DISMISSED**.

## I.     Legal Standards.

To be entitled to compensation under the Vaccine Act, a petitioner must demonstrate that he or she received a vaccine set forth in the Vaccine Injury Table (the "Table").  See §11(c)(1)(A).  Compensation is awarded only to individuals "who have been injured by vaccines routinely administered to children."  H.R. Rep. 99-908, 1986 U.S.C.C.A.N. 6344 at 3.

"There are two types of pneumococcal vaccines . . . pneumococcal conjugate and polysaccharide vaccine[s]."  *Bundy v. Sec'y of Health & Human Servs.*, No. 12-769V, 2014 WL 348852, at *1 (Fed. Cl. Spec. Mstr. Jan. 8, 2014).  Only pneumococcal conjugate vaccines, routinely administered to children, are covered by the Vaccine Program.  *See Morrison v. Sec'y of Health & Human Servs.*, No. 04-1683, 2005 WL 2008245, at *1 (Fed. Cl. Spec. Mstr. July 26, 2005) (describing how and when pneumococcal conjugate vaccines were added to the Vaccine Table).

## II.     Procedural History.

Petitioner filed his petition on October 8, 2015.  Within two weeks, he filed medical records and a statement of completion.  *See* Exhibits 1-7, filed Oct. 19, 2015 (ECF Nos. 7-8); Statement of Completion, filed Oct. 20, 2015 (ECF No. 9).  The initial status conference call was held on November 18, 2015 with the OSM staff attorney managing this SPU case.

During the call, the OSM staff attorney noted that the Vaccine Adverse Event Reporting System ("VAERS") report and medical records which were all created shortly after vaccination indicate petitioner received the Pneumovax 23 vaccine (which is not a pneumococcal conjugate vaccine and thus not covered by the Program) in the right (injured) arm and the trivalent influenza vaccine in the left arm.  *See* Order, issued Nov. 20, 2015, at 1 (ECF No. 11) (citing Exhibits 3 at 2; 4 at 4).  In his affidavit, petitioner acknowledges that he "did not know which vaccination [he] received in [his] right arm until September 17, 2015" when he met with petitioner's counsel.  Exhibit 1 at 2 (ECF

2

No. 7).  Respondent's counsel raised a second potential problem with petitioner's claim, noting a reference in the medical records to right shoulder pain experienced by petitioner prior to his October 14, 2012 vaccinations.  Petitioner was allowed sixty to file additional medical records, affidavits, and other documentation to address the two issues.  *See id.* at 2.

On February 18, 2016, petitioner filed a status report regarding the unavailability of his earlier medical records and difficulties he had encountered obtaining an affidavit from the pharmacist who administered his October 12, 2012 vaccinations.  (ECF No. 13).  The OSM staff attorney held a second status conference call on March 1, 2016, and petitioner was allowed an additional 30 days to file the pharmacist's affidavit and any additional medical records or other documentation to support his assertion that he received the trivalent influenza vaccine in his right arm.

On April 7, 2016, petitioner filed a more detailed vaccination record, a second statement of completion, and a motion for a ruling on the record.  The record shows that petitioner received the Pneumovax 23 vaccine in his right arm, the arm alleged as injured, and the trivalent influenza vaccine in his left arm.  Exhibit 8 at 2 (ECF No. 15). Petitioner acknowledges that he "is not entitled to compensation . . . [and] asks the court to dismiss his claim for compensation."  Petitioner's Motion at 2 (ECF No. 17).

## III.    Conclusion.

Petitioner has failed to demonstrate that he was injured by a vaccine covered under the Vaccine Program.  **This case is dismissed for failure to state a claim upon which relief can be granted.  The clerk shall enter judgment accordingly.[3]**

**IT IS SO ORDERED.**

**s/Nora Beth Dorsey**
Nora Beth Dorsey
Chief Special Master

---

[3] If petitioner wishes to bring a civil action, she must file a notice of election rejecting the judgment pursuant to § 21(a) "not later than 90 days after the date of the court's final judgment."